# UNITED STATES DISTRICT COURT

for the
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **REBECCA POWERS**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE CITY OF EUFAULA, ALABAMA,**<br>**a municipal corporation; JACK TIBBS, an**<br>**individual in his official and individual**<br>**capacities; DANNY CHRIST, an individual in**<br>**his official and individual capacities; CALVIN**<br>**OSBON, an individual in his official and**<br>**individual capacities.  LISA TAYLOR, an**<br>**individual in her official and individual**<br>**capacities And X,Y and Z, individuals whose**<br>**names are unknown and who will be added**<br>**when ascertained,**<br><br>**Defendant(s).** | Case No. _____<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

**COMES NOW** the Plaintiff, Rebecca Powers, by and through her attorney of record, and for her Complaint against the Defendants, states as follows:

## I.    INTRODUCTION

This is an action for legal and equitable relief to redress gender discrimination and retaliation against Plaintiff Rebecca Powers. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended by the Civil Rights Act of 1991 ("Title VII") and 42 U.S.C. § 1983

under color of state law. Plaintiff Powers seeks injunctive relief, equitable relief, compensatory and punitive damages and requests a jury trial.


## II.    JURISDICTION and VENUE

1.    The Court has original jurisdiction of all federal claims pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq,* 28 U.S.C. §§ 1331, 1343 (a)(4) and 28 U.S.C. §§ 2201 and 2202. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and declaratory relief and other relief for illegal employment discrimination. The amount in controversy exceeds the jurisdictional limits of this court.

2.    This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. §1367 because those claims arise from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the court that they form part of the same case or controversy.

3.    A substantial portion of the unlawful employment practices alleged herein were committed by the Defendants in Barbour County, Alabama.  Venue is therefore, proper in the Northern division of the Middle District of Alabama pursuant to 28 U.S.C. § 1391 (b).

4.    The Plaintiff has met all administrative conditions precedent for the filing of this suit under Title VII.  The Plaintiff timely filed a charge of discrimination and files this suit within 90 days of receipt of her Right-To-Sue Notice, which was issued on April 30, 2025.

## III.    PARTIES

5.    Plaintiff, Rebecca Powers is an adult, female citizen of the United States of America and a resident of the State of Alabama and of the Middle District of Alabama, Northern Division.  She

resides in Eufaula, Barbour County, Alabama, and at all times relevant to the filing of this Complaint, Mrs. Powers was employed with the City of Eufaula as a criminal investigator with the Police Department.

6.      Defendant, City of Eufaula (the "City"), is a municipality located in Eufaula, Barbour County, Alabama organized and chartered under the laws of the State of Alabama.  The City is liable under 42 U.S.C. § 1983 because a custom or policy of the municipality caused violations of Plaintiff's constitutional rights.   At all material times the City of Eufaula was acting by and through its designated supervisory agents, officers, employees and representatives, who were acting within the line and scope of their employment and authority and under color of law with full knowledge that the plaintiff's established statutory rights were being violated by its employees and agents.  The City was the employer of Plaintiff within the meaning of Title VII.

7.      Defendant, Jack Tibbs is a citizen of the United States of America and, at all times relevant to this action, served as the Mayor of the City of Eufaula, Alabama acting with full managerial authority and acting under the color of State Law. Defendant Tibbs is sued in both his official and individual capacities.

9..      Defendant Danny Christ is a citizen of the United States of America and, at all times relevant to this action,  served as the Police Chief of the City of Eufaula, with full managerial authority acting under color of State Law. He is sued in both his official and individual capacities.

10.      Defendant Calvin Osbon is a citizen of the United State of America and, at all times relevant to this action, served as the  Police Captain for the City of Eufaula, with full managerial authority  acting under color of State law. He is sued in both his official and individual capacities.

11.     Defendant Lisa Taylor is a citizen of the United States of American and, at all times relevant to this action,  served as the Director of Human Resources for the City of Eufaula, Alabama,  charged with enforcing  the City of Eufaula's anti-discrimination policies and  the federal statutory prohibitions of unlawful employment practices.    Defendant Taylor was a department head with  managerial authority. She is sued in both her official and individual capacities.

## STATEMENT OF FACTS

12     The Plaintiff realleges and incorporates by reference paragraphs one through eleven with the same force and effect as if fully set out in specific detail herein below.

13.     Plaintiff Powers began working with the City of Eufaula as a police officer July 10, 2017.  Powers was originally certified as a police officer in Ohio and  has approximately twenty years experience as a certified police officer.

14.     In August of 2019, after successfully performing numerous tasks and roles within the department  assigned to her by the former Police Chief, Powers was promoted to Detective in the Criminal Investigation Division.  (hereinafter "CID")  Powers has always performed her job in a satisfactory manner and always received satisfactory performance evaluations.  Powers was the only female assigned to  CID and the only person with a Bachelor's Degree in Criminal Justice.  Powers had more experience, education and formal training in criminal investigations than any other officer, including the other male officers.

15.     While working in CID, Powers was assigned a private office, issued an unmarked car, and primarily worked days, which allowed more family time in the evenings to care for her autistic child.  She was able to wear plain clothing to work and had the opportunity through her

job contacts to build her professional reputation as a criminal investigator.  Powers had flexibility to schedule her work load which included investigating crimes, securing crime scenes and gathering evidence, interviewing witnesses, preparing case files for prosecution, and testifying in Court.

16.    Powers routinely worked additional hours in the performance of her job making her eligible to receive overtime pay.   Powers also had assigned responsibilities as the department representative to the Alabama Law Enforcement Agency's Internet Crimes Against Children Task Force.  Powers enjoyed the prestige of working with multiple State Agencies, as well as the FBI in  performing her job duties.

17.    On January 3, 2024, Danny Christ was moved from Code Enforcement Officer to the position of Police Chief, after which Powers' working conditions changed dramatically.  On February 16, 2024, Powers was called in to a meeting with Chief Christ and  told that she would no longer be working days in CID.  She was told that she was being placed in patrol division on night shift indefinitely.  Historically, night shift in patrol has  been staffed with newly certified police officers fresh from the academy with less experience.    Powers contacted Lisa Taylor, Human Resources Director for the City of Eufaula, and reported that she was being treated differently because of her gender.  Defendant Taylor told Powers that "the Chief could do anything he wanted."  Taylor took no action regarding Powers' complaint of gender discrimination.

18.    Powers was then told that her job duties would be divided up among William Bradley, a black male, Jamie Ming, a white male and Joe Johnson, a white male.

19.    Powers was the only female that was moved to night shift, while lesser qualified male employees were allowed to remain on day shift in CID.   Shortly after being moved to patrol

division, Powers was replaced in CID by a white male with less than three years total experience as a certified Police Officer.

20.     When Powers complained about her mistreatment, she began to suffer retaliation at the hands of  Osbon and Christ.  Powers began receiving write-ups and was suspended for conduct that other male officers received no discipline for.    Powers was not given notice or consideration for promotional opportunities.  Because of her vocal opposition to the discriminatory conduct, Powers was then reassigned to a position of even lesser responsibility as a "School Resource Officer"  working  with five to seven year old students at the Eufaula Primary School

21.      Other male police officers who were certified School Resource Officers and who had previously requested to be assigned to SRO positions  were passed over.  Powers was not certified as a School Resource Officer and has never been certified as a SRO.

After her complaints in opposition to the discriminatory treatment,  Powers  was assigned an "office" that consisted of single student desk located at the end of an isolated hallway at the Eufaula Primary School.    Defendant Christ  locked  Powers out of the CID Building and changed all the locks on the inside of the CID building, dispatch office, and the crime scene van. Other male officers  not assigned to CID were able to access  and use the private restroom in the CID building and go into dispatch.    Powers on the other hand was forced to  use the public restroom when on patrol at night.

22.     Powers' earnings decreased as a result of her job reassignment.

23     Powers  made multiple oral complaints to Defendants Christ,  Osbon, and  Taylor regarding her discriminatory and retaliatory treatment.   At all material times, the Defendants

ignored the complaints and took no effective action to investigate the claims or to stop the discriminatory conduct.

24.     The City of Eufaula's written anti-discrimination policy was and is ineffective, ignored, and otherwise, leaving her no meaningful way to report illegal conduct.

25.     As a result of the Defendants' retaliatory actions and inactions, Powers has been forced to endure the embarrassment of being demoted to a position of little responsibility and prestige, to the point of near emotional and psychological breakdown. Powers has suffered extreme mental and emotional anguish because of the embarrassment and humiliation, which has affected her health and mental well-being. She is now under the care of a doctor and has seen a mental health professional because of its effect on her life.

## COUNT I

### VIOLATION OF §1983

26.     Plaintiff Powers realleges and incorporates by reference paragraphs One through Twenty-five with the same force and effect as if fully set out in specific detail herein below.

27.     All Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

28.     At all times relevant to this complaint, The Defendants and their agents were acting under color of the laws, customs, and usages of the City of Eufaula within the meaning of 42 U.S.C. § 1983.

29.     Plaintiff was a female employee of the City of Eufaula Police Department, and, therefore, a member of a protected class.

30.     Defendant Christ and Osbon both individually and in their official capacities, discriminated against the Plaintiff because of her gender.

31.    When the Plaintiff complained of her treatment, she suffered tangible adverse employment actions, including demotion, reduction in pay, and reduction in rank. At the same time, male employees received more favorable treatment.

32.    Defendant's Christ and Osbon's  conduct constitutes sex discrimination in violation of Plaintiff's right to Equal Protection under the Constitution.

33.    The Defendant City of Eufaula had notice and knowledge of the Defendants' conduct and, through their failure to remedy and prevent such violations of law, have established an ongoing and pervasive pattern of discrimination as the custom and policy of the City of Eufaula.

34.    The Defendants had notice and knowledge of unlawful conduct by Defendants Christ and Osbon and, through their failure to remedy and prevent such violations of law, they have demonstrated deliberate indifference to the risk that such activity would result in constitutional violations.

35.    The Defendant City of Eufaula, implicitly or explicitly, with intent and knowledge of the foreseeable consequences of its actions and inactions, have condoned, authorized and or ratified the conduct of their agents and promoted or  permitted a working environment where such conduct was and is tolerated, condoned or encouraged. The Defendants  systematically violated their own purported policies prohibiting discrimination  in  the work place.  Gender discrimination is the custom, usage, practice,  and unwritten policy of the City of Eufaula and the Defendants, all of whom have been deliberately indifferent to the unlawful and unconstitutional activities that frequently occur at the City of Eufaula Police Department.

36.    Defendants acting under Color of State Law, violated the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1983.

## COUNT II

## VIOLATION OF TITLE VII

### (Discrimination)

37.    Plaintiff Powers realleges and incorporates paragraphs One  through-Thirty six with the same force and effect as if fully set out in specific detail herein below.

38.    Plaintiff was a female employee of the City of Eufaula and is a member of a protected class.

39.    Defendants Christ and Osbon, both individually and in their official capacities, discriminated against the  Plaintiff in the terms, conditions and privileges of her employment because of her gender.   When Powers complained of such discrimination, she suffered tangible adverse employment action, including demotion, reduction in pay, and reduction in rank.

40.  The conduct by the Defendants toward Plaintiff constitutes discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

41. Defendants Christ and Osbon were acting within the line and scope of their employment when they discriminated and retaliated against the Plaintiff.

42. Defendants' discriminatory practices have caused Plaintiff harm, including severe emotional distress and loss of wages.

43.  Accordingly, Defendants have violated Plaintiff's rights protected by Title VII of the   Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## COUNT III

## VIOLATION OF THE TITLE VII

### (Retaliation)

44.  Plaintiff Powers realleges and incorporates paragraphs One through Forty-Three with the same force and  effect as set forth again in full.

45.    The Plaintiff opposed unlawful employment practices by objecting to   the Defendants changing  the terms, conditions and privileges of her job and her filing complaints with the City of Eufaula Human Resources Director, Lisa Taylor and eventually filing charges with the EEOC, activities that are statutorily protected under 42 U.S.C. § 2000e

46.    Following  such  actions,  Powers  was  isolated,  given  less  responsibilities,  denied promotions and caused to suffer a decrease in her salary amounting to retaliation in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e-3.

47.    At all material times the, Defendants were acting within the scope of their employment when they retaliated against Plaintiff.

48.    Defendants' discriminatory practices have caused Plaintiff harm, including loss of job privileges,  wages  and severe emotional distress.

49.    Accordingly, the defendants have violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

## COUNT IV

## NEGLIGENT AND WANTON HIRING, TRAINING, SUPERVISION, AND RETENTION

50.    Plaintiff Powers realleges and incorporates paragraphs One through Fifty with the same force and

effect as if fully set out in specific detail herein below.

51.    At all material times, the Defendant, City of Eufaula, and Defendant Tibbs  negligently and wantonly hired, trained, and failed to properly supervise the unlawful conduct of the Defendants Christ,  Osbon, and Taylor.

52.    The Defendants had prior knowledge, or should have known with reasonable supervision, of the unlawful conduct of the Defendants Christ, Osbon, and Taylor.

53.    The Defendants conspired and colluded to cover up the unlawful conduct of the Defendants.

54.    The Defendants negligently and wantonly retained the employment of the Defendants Christ, Osbon, and Taylor after knowledge of their unlawful conduct.

55.    As a proximate consequence of the Defendants' negligence and/or wantonness, the Plaintiff was damaged and injured, including suffering extreme emotional distress, humiliation, mental anguish and suffering economic loss.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court assume jurisdiction of this action and provide the following relief:

a.)    Grant Plaintiff a declaratory judgment holding that actions of Defendants described herein violated and continue to violate the rights of Plaintiff secured by Title VII and Section 1983.

b.)    Grant Plaintiff  preliminary and permanent injunctions prohibiting Defendants, their officers, agents, employees and successors from engaging in the discriminatory employment practices complained of  herein;

c.)    Award Plaintiff back pay, front pay, retirement and other job benefits, compensatory, punitive, and/or nominal damages sufficient to redress the harm suffered;

d.)    Award the Plaintiff compensatory damages, including damages for emotional distress and mental anguish, sufficient to redress the harm suffered.

e.)    Award any relief necessary to prevent future discrimination  and retaliation on the basis of gender, and to ensure that discrimination  and retaliation  complaints are fully and fairly adjudicated;

f.)    Award  the Plaintiff her costs and expenses, including reasonable attorney fees;

g.)    Grant such other, further and additional relief as the Court deems proper and just.


## PLAINTIFF RESPECTFULLY DEMANDS TRIAL BY STRUCK JURY

**/s/ Albert H. Adams, Jr.**

Albert H. Adams, Jr.  (ADA058)
Attorney for Plaintiff
Post Office Box 670
Eufaula, Alabama  36072-0670
Tele.  (334) 687-1326
Fax    (866) 910-9989
albertadamsalaw@aol.com

## <u>DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS</u>
## <u>RETURN RECEIPT REQUESTED</u>

Jack Tibbs, Mayor
City of Eufaula
205 E. Barbour St.
Eufaula, AL  36027

City of Eufaula
205 E. Barbour St.
Eufaula, AL  36027

Danny Christ
City of Eufaula
205 East Barbour St.
Eufaula, AL

Calvin Osbon
City of Eufaula
205 East Barbour St.
Eufaula, AL  36027

Lisa Taylor
Human Resources Director
205 East Barbour St.
Eufaula, AL 36027